UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC., CHUTKA TRUCKING LLC, MARK ELROD, B. L. REEVER TRANSPORT, INC., DAVID JUNGEBLUT, and WILLIE W KAMINSKI, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:19-cv-00086-RLY-MJD |
| ERIC HOLCOMB, individually and in his capacity as Governor of the State of Indiana, JOE MCGUINNESS, individually and in his capacity as Commissioner of the Indiana Department of Transportation, THE INDIANA FINANCE AUTHORITY, DAN HUGE, individually and in his capacity as Indiana Public Finance Director, MICAH G. VINCENT, individually and in his capacity as a member of the Indiana Finance Authority, KELLY MITCHELL, individually and in her capacity as a member of the Indiana Finance Authority, OWEN B. MELTON, JR., individually and in his capacity as a member of the Indiana Finance Authority, HARRY F. MCNAUGHT, JR., individually and in his capacity as a member of the Indiana Finance Authority, RUDY YAKYM, III, individually and in his capacity as a member of the Indiana Finance Authority, and ITR CONCESSION COMPANY LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

1

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The Indiana East West Toll Road is one of several east-west routes across Indiana from the Illinois Border to the Ohio border, but it is Indiana's only toll road. The Indiana Finance Authority ("IFA"), a state entity, is the owner of the Toll Road. In 2006, IFA leased the Toll Road to ITR Concession Company, Inc. ("ITRCC"), a private for-profit corporation, for 75 years in exchange for a lump-sum payment of $3.8 billion. As the lessee, ITRCC is responsible for all operation and maintenance of the Toll Road until 2081.

On September 4, 2018, Governor Holcomb announced his infrastructure plan that called for a $1 billion expenditure for infrastructure projects knowns as the "Next Level Connections Program." ITRCC agreed to fund the program with $1 billion and, in return, was authorized by IFA to increase toll rates for Class 3 or higher vehicles—defined as vehicles with 3 or more axles—by 35 percent. Class 3 or or higher vehicles are largely commercial motor vehicles which operate in interstate commerce. Plaintiffs allege that nearly 80 percent[1] of the money will go directly to highways and freeways in Indiana.

On April 24, 2019, Plaintiffs, the Owner-Operator Independent Drivers Association, Inc. and a handful of commercial truck operators and operating companies, filed this action against ITRCC, IFA, and various state officials, challenging the

---

[1] On April 29, 2019, Governor Holcomb signed legislation which requires the money Indiana receives from ITRCC under the terms of the lease agreement to go directly to work on roads that have a nexus with the Toll Road. *See* House Enrolled Act No. 1001, 121st General Assembly, *available at* https://tinyurl.com/y31x8kg5.

constitutionality of the new toll structure. They allege that the increase in tolls violates the dormant Commerce Clause. They also allege that the increase in tolls violates the Privileges and Immunities Clauses of Article IV and the Fourteenth Amendment.

On March 4, 2019, Defendants filed a Joint Motion to Dismiss for Failure to State a Claim. On August 12, 2019, the Magistrate Judge recommended that the court grant Defendants' motion with prejudice. Relying on *Endsley v. City of Chicago*, 230 F.3d 276 (7th Cir. 2000), the Magistrate Judge held that the State[2] was not acting as a regulator; instead it was acting as a market participant. Therefore, the new toll structure was not subject to dormant Commerce Clause scrutiny. (Filing No. 113, Report and Recommendation at 10). The Report and Recommendation also concluded that Plaintiffs failed to state a claim for unlawful discrimination under the Privileges and Immunities Clauses because vehicles traveling within Indiana and between States pay the same distance-based tolls. (*Id.* at 12).

The court is required to conduct a *de novo* review of the Report and Recommendation. *See* 27 U.S.C. § 636(b)(1). Based upon a thorough reading of the parties' briefs and the applicable law, the court **ADOPTS in its entirety** the Report and Recommendation submitted by the Magistrate Judge. Accordingly, Defendants' Motion to Dismiss for Failure to State a Claim (Filing No. 52) is **GRANTED with prejudice**. Having so held, Plaintiffs' Motion to Certify Class (Filing No. 98) is **DENIED as moot**.

---

[2] The Magistrate Judge also held that ITRCC, as a private corporation, could not have violated the dormant Commerce Clause. (Report and Recommendation at 10).

3

**SO ORDERED** this 10th day of March 2020.

						_____
						RICHARD L. YOUNG, JUDGE
						United States District Court
						Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.