# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

April 15, 2021

To:   Roger A. G. Sharpe
UNITED STATES DISTRICT COURT
Southern District of Indiana
United States Courthouse
Indianapolis , IN 46204-0000

| | |
|---|---|
| No. 20-1445 | OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC., et al.,<br> Plaintiffs - Appellants<br><br>v.<br><br>ERIC HOLCOMB, et al.,<br> Defendants - Appellees |
| **Originating Case Information:** | |
| District Court No: 1:19-cv-00086-RLY-MJD<br>Southern District of Indiana, Indianapolis Division<br>District Judge Richard L. Young | |

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:        No record to be returned

CERTIFIED COPY
A True Copy
Teste:

_____
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

**NOTE TO COUNSEL:**

If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten (10) days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

------------------------------------

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

**Date:**                                                              **Received by:**

_____4/15/2021_____                       ____*Laura Townsend*_____

                                                               Deputy Clerk, U.S. District Court

form name: **c7_Mandate**(form ID: **135**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## FINAL JUDGMENT

March 9, 2021

Before:
    FRANK H. EASTERBROOK, Circuit Judge

    ILANA DIAMOND ROVNER, Circuit Judge

    DIANE P. WOOD, Circuit Judge

CERTIFIED COPY

| No. 20-1445 | OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC., et al., <br>  Plaintiffs - Appellants <br><br> v. <br><br> ERIC HOLCOMB, et al., <br>  Defendants - Appellees |
|---|---|
| **Originating Case Information:** ||
| District Court No: 1:19-cv-00086-RLY-MJD <br> Southern District of Indiana, Indianapolis Division <br> District Judge Richard L. Young ||

    The judgment of the District Court is AFFIRMED, with costs, in accordance with the decision of this court entered on this date.

Case 1:19-cv-00086-RLY-MJD   Document 139   Filed 04/15/21   Page 4 of 10 PageID #: 1902
Case: 20-1445      Document: 00713797423           Filed: 04/15/2021      Pages: 6      (1 of 10)

# In the
# United States Court of Appeals
## For the Seventh Circuit



CERTIFIED COPY

_____

No. 20-1445

OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC., *et al.*,

　　　　　　　　　　　　　　　　　　　　*Plaintiffs-Appellants*,

*v.*

ERIC HOLCOMB, Governor of Indiana, *et al.*,

　　　　　　　　　　　　　　　　　　　　*Defendants-Appellees*.

_____

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:19-cv-00086-RLY-MJD — **Richard L. Young**, *Judge*.

_____

ARGUED OCTOBER 26, 2020 — DECIDED MARCH 9, 2021

_____

Before EASTERBROOK, ROVNER, and WOOD, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. The Indiana Toll Road, part of I-90, runs 156 miles across northern Indiana from the border with Ohio on the east to the Chicago Skyway on the west. Owned by the Indiana Finance Authority, the Toll Road has been operated since 2006 by a lessee, ITR Concession Company. What ITR can charge depends on state law, and in 2018 ITR paid the state $1 billion in exchange for

Case 1:19-cv-00086-RLY-MJD Document 139 Filed 04/15/21 Page 5 of 10 PageID #: 1903
Case: 20-1445   Document: 00713797423   Filed: 04/15/2021   Pages: 6   (2 of 10)

2 No. 20-1445

permission to raise by 35% the tolls on heavy trucks (those with three or more axles). In this suit, persons and entities that own and operate heavy trucks contend that the toll increase violates the Commerce Clause of the Constitution by falling principally on interstate traffic. Plaintiffs allege that 50% of the heavy trucks that use the Toll Road transit the state and that 90% of heavy-truck traffic crosses the state's borders at one time or another. Higher tolls on these trucks therefore discriminate against interstate commerce, plaintiffs maintain. They add that the tolls are unjustified because none of the $1 billion will be used to maintain or improve the Toll Road. (Indiana denies some of these allegations, but we assume for current purposes that plaintiffs are correct.)

A magistrate judge recommended that the suit be dismissed on the ground that Indiana, as a market participant, is exempt from the rules ordinarily applied through commerce jurisprudence. 2019 U.S. Dist. LEXIS 228958 (S.D. Ind. Aug. 12, 2019). The district judge agreed and dismissed the suit under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief may be granted. 2020 U.S. Dist. LEXIS 41138 (S.D. Ind. Mar. 10, 2020).

*Hughes v. Alexandria Scrap Corp.*, 426 U.S. 794 (1976), holds that, when a state participates in—rather than regulates—the market, it is entitled to discriminate in favor of its own citizens. *Hughes* sustained a bounty that Maryland paid its own citizens for the disposal of junk cars. Later decisions, such as *Reeves, Inc. v. Stake*, 447 U.S. 429 (1980), reject challenges to exclusions as well as subsidies. In *Reeves* South Dakota limited sales from a state-owned cement plant to citizens of South Dakota. In these and many successor decisions, the Justices have confined analysis under the dormant

Case 1:19-cv-00086-RLY-MJD   Document 139   Filed 04/15/21   Page 6 of 10 PageID #: 1904
Case: 20-1445      Document: 00713797423      Filed: 04/15/2021      Pages: 6      (3 of 10)

No. 20-1445                                                                                   3

Commerce Clause to steps by which states regulate the behavior of private parties. As entrepreneurs, the Court repeatedly says, states may behave like private businesses and sell to whom they please at prices the market will bear (or at subsidized prices).

Plaintiffs insist that toll roads are different—even though the state is charging a fee for a service—because the maintenance of roads is an "essential governmental function" that lacks a private equivalent. And they brush off *Endsley v. Chicago*, 230 F.3d 276, 284–86 (7th Cir. 2000), which held that Chicago is a proprietor rather than a regulator when it comes to setting tolls on the Chicago Skyway, because *Endsley* did not consider whether the maintenance of roads necessarily is a sovereign function.

The idea that *only* units of government build and manage roads would come as a surprise to the people who wrote and approved the Commerce Clause. In 1787 many if not most roads, bridges, canals, and similar parts of the transportation system were private ventures, often paid for by tolls. See, e.g., Robert C. Ellickson, *Property in Land*, 102 Yale L.J. 1315, 1383 & n.350 (1993); Jerome G. Rose, *Farmland Preservation Policy and Programs*, 24 Nat. Resources J. 591, 620 (1984); Carol Rose, *The Comedy of the Commons: Custom, Commerce, and Inherently Public Property*, 53 U. Chi. L. Rev. 711, 752 & n.197 (1986). For much of the nineteenth century things remained that way. A fierce debate about the constitutionality of federal involvement in internal improvements left private entrepreneurs, with occasional state aid, as the principal managers of transport arteries. The publicly owned interstate highway system, which began during the 1950s, would have been unthinkable a century earlier. When the national gov-

ernment broke into the transportation business, it was as a provider of land for private railroads, not as a builder or operator. And even in 2021 frequently used avenues of transportation—oil and gas pipelines, electrical distribution grids, canals, some airports, some bridges, many ferries, many ports and harbors, many railroads—remain in private hands. The idea that transportation necessarily is a state function is untenable. Just ask the developers of residential subdivisions, and the owners of farms, which are expected to build and maintain their own roads.

We may suppose, as plaintiffs allege, that the $1 billion received for the 2018 toll increase was used for state purposes unrelated to maintenance of the Toll Road. Why should that matter? A state, like any private proprietor, can turn a profit from its activities. Plaintiffs point out that in *Evansville-Vanderburgh Airport Authority v. Delta Airlines, Inc.*, 405 U.S. 707 (1972), which held that a per-passenger tax at a state-owned airport did not violate the dormant Commerce Clause, the Court observed, among other things, that the money was used to maintain the airport. *Evansville* precedes the first market-participant case, however, and even so does not say that the validity of the fee depended on how the money was used. The Court also observed that the fee was nondiscriminatory and did not conflict with any federal policy. Those things are equally true of Indiana's tolls. The Constitution does not establish the federal judiciary as a regulatory commission, after the fashion of utility rate regulators that try to keep natural monopolies' charges in line with consumers' benefits. Truckers who want to avoid the tolls can use the many free roads in Indiana (including two toll-free interstate highways that cross the middle and south of the state from east to west).

No. 20-1445                                                                 5

We have said enough to show that the toll increase is valid even if treated as discriminating against interstate commerce. We need to be clear on this point: we have assumed for the sake of argument that there would be a constitutional problem if Indiana were a regulator rather than a proprietor, but we do not so hold. The tolls are neutral with respect to the origin and destination of the trucks. They are neutral with respect to trucks' ownership too. Citizens of Indiana who use the Toll Road to haul freight from Elkhart to Gary pay the same rate per mile, per axle, as do citizens of Wisconsin who haul freight from Ohio through Indiana to Illinois and beyond.

Decisions such as *American Trucking Associations, Inc. v. Scheiner*, 483 U.S. 266 (1987), which treat flat transportation taxes as discriminatory, do not affect the validity of a per-mile toll. The point of *American Trucking* was that a flat tax (say, $500 per truck per year) would fall more heavily on the owner of a truck that passed through Pennsylvania once a year than on the in-state owner of a truck that made local deliveries in Pittsburgh. The out-of-state owner might end up paying $5 per mile (and many thousands of dollars if other states had the same scheme), while the in-state owner would pay only pennies per mile. A per-mile toll, by contrast, treats everyone alike. In this respect a per-mile toll is no different from a tax on gasoline or diesel fuel, for that tax is paid in proportion to usage.

The Supreme Court might well deem the absence of express discrimination conclusive in favor of a per-mile toll. We recognize that *Pike v. Bruce Church, Inc.*, 397 U.S. 137 (1970), requires at least some extra justification (beyond the standard rational-basis test) for some regulations that bear

Case 1:19-cv-00086-RLY-MJD   Document 139   Filed 04/15/21   Page 9 of 10 PageID #: 1907
Case: 20-1445   Document: 00713797423   Filed: 04/15/2021   Pages: 6   (6 of 10)

6     No. 20-1445

heavily on interstate commerce. But it has been a long time since the Court used *Pike*'s approach to deem any state law invalid—and the most recent instance of its use, *Bendix Autolite Corp. v. Midwesco Enterprises, Inc.*, 486 U.S. 888 (1988), came in a case that arose from express discrimination. Not since then has any state law been deemed invalid under *Pike*. The prevailing approach has been to sustain neutral state laws while finding invalid those that discriminate against interstate commerce. As a court of appeals we remain bound by *Pike* unless the Justices overrule it, but we need not apply it to a state-as-proprietor situation when the Court has not done so. See *Kentucky Department of Revenue v. Davis*, 553 U.S. 328, 353–56 (2008). Having held that a state as a market participant may engage in express discrimination against citizens of other states, the Court is not likely to use *Pike* to reach a contrary result.

<div align="right">AFFIRMED</div>

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

April 7, 2021

Before

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*



CERTIFIED COPY

| | |
|---|---|
| No. 20-1445<br><br>OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC., *et al.*,<br>    *Plaintiffs-Appellants*,<br><br>    *v.*<br><br>ERIC HOLCOMB, Governor of Indiana, *et al.*,<br>    *Defendants-Appellees*. | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division.<br><br>No. 1:19-cv-00086-RLY-MJD<br>Richard L. Young, *Judge*. |

**Order**

Plaintiffs-Appellants filed a petition for rehearing and rehearing en banc on March 23, 2021. No judge in regular active service has requested a vote on the petition for rehearing en banc,[*] and all of the judges on the panel have voted to deny rehearing. The petition for rehearing is therefore DENIED.

---

[*] Judge Hamilton did not participate in the consideration of this petition.